IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Al-Rad Cobbs, # 223555-0423, ) | |
| ) | |
| ) | Civil Action No. 6:16-812-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| D. J. Highhouse-T954 and ) | |
| Sergio Reyes, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action filed *pro se* by a detainee confined at a local detention center. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e); 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

## **BACKGROUND**

The plaintiff is a pretrial detainee at the Greenville County Detention Center[1] and is a resident of Greenville, South Carolina. Defendant D.J. Highhouse is a South Carolina Highway Patrolman, and the defendant Sergio Reyes is a resident of Spartanburg, South Carolina.

---

[1] The plaintiff is incarcerated on charges unrelated to the instant complaint. *See* http://app.greevillecounty.org/inmate_search.htm.

The plaintiff's complaint concerns an automobile accident that occurred on or around April 13, 2013, in Greenville, South Carolina. In his complaint, the plaintiff alleges (verbatim):

> On the above date 4/13/213 and time 8:00 pm. I got hit by a car by a Maxcan his name is Sergio Reyes. The state trooper name DJ highhouse pulls up gets out of his car runs over to me. I stood up he knee me in my chease back down on the ground started checking me After I got hit by a car. The guy Segio Reyes had hit me came over to us and sad way or you handing this guy like that. Anyway the state trooper and Sergio Reyes walk over to his car got his information down and let him go with out know driving license. He was driving a burgandy Bonnivill made by chev. The year 2012, Body 43, License Plate 3N335? And heres my Police Report? And this were Sergio Reyes work at gsp transportation-phone number (843) 6266527 Location, 10820 Kings Hwy. myrtle beach sc 29572. And his home phone number Sergio Reyes (530) 513-8594
>
> When my time is up this is Al-Rad Cobbs address, 606 Pendleton Street Greenville, SC 29601 the end of 216 I be getting out of the Detention Center
>
> I would like the courts to look at my case carefully and make the right decession as soon as possible.

(Doc. 1 at 2-3).

The plaintiff attached a copy of the accident report to his complaint (doc. 1-1 at 1). The accident report reflects that the plaintiff was under the influence of alcohol and at fault in the accident (*id.*).

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978). The complaint has been filed pursuant to 28 U.S.C. § 1915, the *in forma pauperis statute*. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or

malicious,' or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* pleadings, *Estelle*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990). Even under this less stringent standard, the complaint, filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir.1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337, 16 S.Ct. 307, 40 L.Ed. 444 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed.1997))**.**

The complaint provides no basis for a finding of diversity jurisdiction over this action. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn. 13–16 (1978). Here, the court has no diversity jurisdiction over this case because, according to the pleadings, there is not complete diversity of all parties, and the plaintiff has not alleged an amount in controversy in excess of seventy-five thousand dollars.

It appears that the plaintiff may be attempting to bring this action under the court's federal question jurisdiction as a case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face.*" Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir.2005) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). One of the more common provisions from which persons come into federal court is through 42 U.S.C. § 1983. Because one of the defendants is a state employee and because the plaintiff has asserted a possible excessive force claim, the court reviews the complaint under § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or

4

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this action, the defendant Reyes is a private individual. Purely private conduct, such as that alleged against the defendant Reyes, no matter how wrongful, or injurious, is not actionable under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). Thus, the plaintiff fails to state a claim under § 1983 against the defendant Reyes.

Furthermore, because the plaintiff does not request any relief in the complaint, he fails to state a plausible claim against either defendant. The plaintiff merely asks the court to look into his case and make the right decision. Were this court to find that the plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *see also Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir.1975) (federal courts do not render advisory opinions).

It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Hence, in the absence of a request for relief from the plaintiff, the complaint filed in this case should also be dismissed based on failure to state a claim on which relief may be granted.

## **RECOMMENDATION**

Accordingly, it is recommended that the court dismiss the complaint in this case without prejudice and without issuance and service of process.

The plaintiff's attention is directed to the **Notice** on the next page.

s/ Kevin F. McDonald
United State Magistrate Judge

March 24, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).